IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  | § |  |
|---|---|---|
| In Re: | § |  |
| SILICA PRODUCTS LIABILITY | § | MDL Docket No. 1553 |
| LITIGATION | § |  |
|  | § |  |

### ORDER NO. 31

The following rulings were made at the status conference on Monday, August 22, 2005.  IT IS HEREBY ORDERED:

1. In <u>Wilson v. 3M Co.</u>, S.D. Mississippi Cause No. 3:05-cv-185,[1] Plaintiff's Motion to Remand is GRANTED without objection by any party.  <u>Wilson</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Copiah County, Mississippi, where it was originally filed and assigned Cause Number 2002-0451-H.

2. All other pending Motions to Remand will be carried forward for 60 days from the date of this Order.

3. For each case transferred to this MDL after December 5, 2004 which has a pending Motion to Remand, all Orders requiring Defendants to provide disclosures are STAYED for 30 days from the date of this Order, during which time Defendants may depose each remaining Plaintiff.  Plaintiffs must follow Amended Order No. 14 ¶ 8, requiring each Plaintiff to notify

---

[1] <u>Wilson</u> has not yet been received by the Clerk of this Court, and therefore has not yet been assigned a Southern District of Texas Cause Number.

      all Defendants against whom that Plaintiff has a cause of action prior to the Plaintiff's deposition.[2]

4. In <u>Nix v. Pulmosan Safety Equipment Co.</u>, S.D. Tex. Cause No. 2:05-337, <u>Douglas v. Pulmosan Safety Equipment Co.</u>, S.D. Tex. Cause No. 2:05-371, <u>Green, Jr. v. Pulmosan Safety Equipment Corp.</u>, S.D. Tex. Cause No. 2:05-388, and <u>Jackson v. Pulmosan Safety Equipment Corp.</u>, S.D. Tex. Cause No. 2:05-389, Plaintiffs shall file with the Court a clarification of the citizenship of each Plaintiff and each Defendant (including the state of incorporation and the principal place of business of each corporate party) no later than September 6, 2005.

5. In <u>Alexander v. Air Liquide America Corp.</u>, 2:03-cv-533, all pending motions will be carried forward. As agreed to by Plaintiff's counsel, no later than September 6, 2005, Plaintiffs in <u>Alexander</u> shall file with the document depository and/or x-ray repository all documentation (including but not limited to diagnosing reports and x-rays) related to Plaintiffs' prior asbestosis claims and/or asbestosis diagnoses.[3] Also, no later than September 6, 2005,

---

[2] In light of the currently expedited nature of discovery, the 30-day notice requirement stated in Amended Order No. 14 ¶ 8 is hereby shortened to 14 days.

[3] During the status conference, Defendants represented that of the 82 <u>Alexander</u> Plaintiffs who recently submitted new diagnosing reports, 60 have previously filed claims for asbestosis. Plaintiffs' counsel in <u>Alexander</u>, Richard Laminack, stated that his firm has "never, never represented an asbestosis

>   the <u>Alexander</u> Plaintiffs shall file with the Court a notice certifying that they have complied with this Order. Finally, no later than September 6, 2005, the <u>Alexander</u> Plaintiffs shall amend their Complaint in order to make a complete statement of the basis for federal diversity jurisdiction. Plaintiffs shall specifically allege both the (1) place of incorporation, and (2) the principal place of business, of each corporate Defendant.

6.  In <u>Adams v. Pulmosan Safety Equipment Co.</u>, S.D. Tex. Cause No. 2:05-cv-183, the parties represented that they will file with the Court an agreed order of dismissal without prejudice of the more than 300 Plaintiffs who have submitted Fact Sheets.

7.  In <u>McManus v. Dependable Abrasives</u>, S.D. Tex. Cause No. 2:05-cv-121, Plaintiffs shall submit, no later than August 29, 2005, signed Fact Sheets which fully comply with this Court's prior Orders.

8.  As agreed to by Attorney Scott Hooper during the status conference, Mr. Hooper shall fully comply with Order No. 25 (including but not limited to filing affidavits from each

---

claimant and then turned around and 'retreaded' as a silicosis claimant." Mr. Laminack further stated: "I think the explanation in a lot of the cases is that the asbestos diagnosis is wrong." Later, Mr. Laminack reiterated that "I doubt the diagnoses" underlying his clients' previous as asbestosis claims. If indeed these Plaintiffs have made asbestosis claims that are now suspect, Defendants are ordered to notify the appropriate court where such claim was made or settled.

     diagnosing physician, as well as Innervisions, stating that all ordered documents/items have been supplied to counsel for placement in the document depository and/or x-ray repository) no later than September 6, 2005.

9. In light of the Court's ruling in Order No. 29 that it lacks subject-matter jurisdiction in Bland v. Lone Star, S.D. Tex. Cause No. 2:04-cv-002, the Court hereby VACATES Order No. 10 ¶ 13, wherein the Court granted Defendants' Motion for Partial Summary Judgment in Bland.  Defendants may reassert their Motion for Partial Summary Judgment before the appropriate state court.

10. The following motions have been WITHDRAWN by the moving parties: Omni Litigation Support Services' Opposed Motion for Reimbursement (d.e. 1927-1928) and Plaintiffs' Motion for Withdrawal and Substitution of Counsel (d.e. 1936-1937).

11. Except as otherwise ordered herein, the following motions are DENIED: Motion to Dismiss (d.e. 1880) and Motion to Compel Screening Companies' Compliance with Order No. 25 (d.e. 1935).

12. The Motion to Preserve Plaintiffs' Original X-Rays (d.e. 1930) is GRANTED.  All parties are ORDERED not to remove any x-rays, documents or other items from the x-ray repository maintained by the Watts Law Firm or the document depository maintained by

Omni Litigation Support Services until otherwise ordered by this Court.[4]

---

[4] On July 10, 2005, this Court entered an "Order Denying 'Plaintiffs' Agreed Motion to Withdraw X-Rays from the MDL Repository,'" wherein the Court denied Attorney Scott Hooper's request to allow Plaintiffs to remove their x-rays from the x-ray repository (currently maintained by Plaintiffs' Liaison Counsel). The Court denied this request for two reasons. First, contrary to the styling of Mr. Hooper's Motion, the Motion was opposed by certain Defendants. (See Opposition to the Motion, d.e. 1905.) Second, on June 30, 2005, the Court received an ex parte communication from Kenneth Cusick, an Assistant United States Attorney for the Southern District of Texas, on behalf of the United States Attorney's Office for the Southern District of New York. Mr. Cusick asked the Court for access to items in the MDL document depository/x-ray repository for use in grand jury proceedings in New York. The Court informed Mr. Cusick that his communication was improper, and any such request would need to be made with the knowledge of counsel for both sides. On June 30, 2005, the Court conducted a telephone conference with Liaison Counsel for Plaintiffs and Defendants, informing them of Mr. Cusick's ex parte request and of the importance of preserving the items in the depository/repository because of the ongoing criminal proceedings in New York. Liaison Counsel informed all counsel of this.

On approximately August 1, 2005, with knowledge of the United States Attorney's request and in direct contravention of this Court's Order denying his Motion, Mr. Hooper removed in excess of 1,000 x-rays from the repository. His purported justification for this removal was his belief the Court no longer had jurisdiction over the repository because he believed the remand of certain cases announced in Order No. 29 had been effectuated. However, it is well-settled that "[a] § 1447(c) order of remand is not self-executing.... [T]he federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court." Arnold v. Garlock, Inc., 278 F.3d 426, 437-38 (5th Cir. 2001) (citing 28 U.S.C. § 1447(c); McClelland v. Gronwaldt, 155 F.3d 507, 514 n.5 (5th Cir. 1998); Browning v. Navarro, 743 F.2d 1069, 1078-79 (5th Cir. 1984)). No remand order had been certified and mailed by the Clerk of this Court at the time Mr. Hooper removed the x-rays, just as no remand order has been certified and mailed as of the date of this Order. At the status conference on the morning of August 22, 2005, the Court ordered Mr. Hooper to return all x-rays and any other items he removed from the repository/depository by 5:00

13. Pursuant to an agreement between Liaison Counsel for each side (announced at a hearing conducted at 4:50 p.m. on August 22, 2005), no later than September 2, 2005, the parties shall jointly file with the Court an indexed list of all x-rays in the x-ray repository and/or document depository.

14. The next status conference is scheduled for Monday, September 26, 2005 at 9:00 a.m.  No later than September 16, 2005, Liaison Counsel for each side shall file with the Court all items to be included on the Court's agenda for this conference including a list of all pending motions that they wish to have addressed by the Court (identified by party name, name of motion, date filed, and relevant cause numbers).

SIGNED and ENTERED this 23rd day of August, 2005.

_____
Janis Graham Jack
United States District Judge

---

p.m.  Before 5:00 p.m., Mr. Hooper represented to the Court that he had returned all removed items to the repository. Subsequently, Plaintiffs' Liaison Counsel reported that on August 1, 2005, Mr. Hooper had represented to the Watts Law Firm (the repository custodian) that an "agreement" had been reached to allow him to remove all of his clients' x-rays from the repository.  At the time he removed the x-rays, Mr. Hooper signed a document representing that he was removing 1,342 x-rays.  As of 5:00 p.m. on August 22, 2005, the Watts Law Firm counted the x-rays returned by Mr. Hooper and found only 1,219.  This matter will be heard at the next status conference.
    In the future, the Court would like Mr. Hooper to form a closer relationship with the law.