**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In Re: | § | |
| SILICA PRODUCTS LIABILITY | § | MDL Docket No. 1553 |
| LITIGATION | § | |
| | § | |

## ORDER NO. 38

The following rulings were made at the Status Conference on Monday, November 14, 2005.

1.    Defendant Empire Equipment Company's Motion for Judgment on the Pleadings in Chancellor v. Aearo Corp., S.D. Tex. Cause No. 05-367, filed on October 3, 2005, is GRANTED.

   A.    Jurisdiction

      The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1407 and 28 U.S.C. § 1332. Section 1407 authorizes transfer and consolidation of multidistrict actions and permits the Judicial Panel on the Multidistrict to override a plaintiff's choice of forum. Section 1332 confers federal diversity jurisdiction on civil actions where there is complete diversity of citizenship and the matter in controversy exceeds $75,000. The diversity requirements are met in this case as the two Plaintiffs are citizens of Alabama who brought claims against corporate Defendants which are not citizens of Alabama. (Pl.'s Am. Compl. at ¶¶ 1 -3.)

B.  <u>Discussion</u>

There are two Plaintiffs in this action: Sidney Chancellor and John Parker.  According to the Amended Complaint filed on February 28, 2005, Plaintiff Chancellor "worked as a diesel mechanic at Thompson Tractor in Birmingham, Alabama, Cowin Road Machinery in Birmingham, Alabama, and Drummond Company Inc. in Jaspar, Alabama during the years 1970 to 1998."  (Pl.'s Am. Compl. ¶ 1.)  Plaintiff Parker "worked as a laborer at U.S. Pipe and Foundry Company in Birmingham, Alabama and Drummond Company Inc. in Jaspar, Alabama from the years 1968 to 1992."  (Pl.'s Am. Compl. ¶ 2.) Plaintiffs allege that, "[d]uring their employment, [they] were exposed to silica and silica containing products manufactured and sold by certain Defendants."  (Pl.'s Am. Compl. ¶ 9.)  Specifically, "Plaintiffs were in the area of use of blast pots manufactured by Empire Abrasives [Defendant Empire Equipment Company] at Kellerman Mine and Alabama By-Products later Drummond Coal Company during the late 1970's and the 1980's."  (Pl.'s Am. Compl. ¶ 37.)

Under Alabama law, the applicable statute of limitations for a products liability action is two years.  Ala. Code § 6-2-38(l) (2004); <u>see also</u> <u>Spain v. Brown & Williamson Tobacco Corp.</u>, 363 F.3d 1183, 1189 (11th Cir. 2004) (discusses statute of limitations for products liability actions under Alabama law).  The statute of limitations begins to run from the time

-2-

the cause of action accrues.  <u>Johnson v. Garlock, Inc.</u>, 682 So.2d 25, 26 (Ala. 1996).  In a case that involves exposure to a latent, insidious agent, such as silica, a cause of action accrues on the last date of Plaintiffs' exposure to the harmful agent.

> For purposes of an action based on continuous exposure to a hazardous substance, the date of the injury is the day on which the plaintiff was last exposed to the hazardous substance causing the injuries.  [citations omitted.]  A plaintiff's ignorance of the fact of injury, if there is no fraudulent concealment by the defendant, does not postpone the running of the limitations period.

<u>Becton v. Rhone-Poulenc, Inc.</u>, 706 So.2d 1134, 1135-36 (Ala. 1997); <u>see also</u> <u>Garlock, Inc.</u>, 682 So.2d at 27.  The applicable statute of limitations for breach of implied warranty, a claim also asserted by Plaintiffs, is four years.  Ala. Code § 7-2-725 (2004); <u>see also</u> <u>Spain</u>, 363 F.3d at 1189.

As alleged in the Amended Complaint, Plaintiff Chancellor's exposure to silica ended in 1998 when he stopped working as a diesel mechanic.  Plaintiff Parker's exposure to silica ended in 1992 when he stopped working as a laborer.  The Plaintiffs did not file the instant action until 2004, six years after Plaintiff Chancellor's last exposure to silica and twelve years after Plaintiff Parker's last exposure to silica.  Additionally, there is no allegation of fraudulent concealment by Defendants.  Plaintiffs' claims against Defendant Empire Equipment Company based on products liability and breach of

implied warranty are therefore time-barred under Alabama law. The Court notes that Plaintiffs have not filed a response to the Motion for Judgment on the Pleadings, and Plaintiffs did not object to the Motion at the Status Conference.

C.   Conclusion

For the reasons stated above, Defendant Empire Equipment Company's Motion for Judgment on the Pleadings is GRANTED. Furthermore, the Court for the same reasons finds that Plaintiffs' claims are time-barred against *all* Defendants in the case.   Plaintiffs, therefore, have failed to state any cause of action against any Defendant upon which relief can be granted.   Accordingly, this Court DISMISSES the action in its entirety pursuant to its "inherent authority to dismiss the action *sua sponte*, without motion by a defendant." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); see also Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (affirming the district court's dismissal of a federal habeas corpus petition after the district court raised, *sua sponte*, the issue of the one-year statute of limitations); Eberhardt v. Merck & Co. Inc., 106 F. App'x 277, 278 (5th Cir. Aug. 5, 2004) (unpublished) ("Although the defense of limitations usually must be raised by the defendants in the district court, it also may be raised *sua sponte* by the district court").

-4-

2.  Defendant Louis M. Gerson Co., Inc.'s Unopposed Motions to Allow Substitution and Withdrawal of Counsel in the cases of Thirsty v. 3M Co., S.D. Tex. Cause No. 04-688; Greer v. Clark Sand Co., S.D. Tex. Cause No. 05-16; Large v. 3M Co., S.D. Tex. Cause No. 05-18; Crowe v. Clark Sand Co., S.D. Tex. Cause No. 05-215; McManus v. Dependable Abrasives, S.D. Tex. Cause No. 05-121; Nix v. Pulmosan Safety Equip. Co., S.D. Tex. Cause No. 05-337; and Douglas v. Pulmosan Safety Equip. Co., S.D. Tex. Cause No. 05-371, are GRANTED.  Ronald G. Peresich and the law firm of Page, Mannino, Peresich & McDermott, PLLC, is hereby substituted as counsel of record for Defendant Louis M. Gerson Co., Inc., in place of Thomas E. Vaugh and the law firm of Allen, Vaughn, Cobb & Hood, PA.

3.  Defendants in McManus v. Dependable Abrasives, S.D. Tex. Cause No. 05-121, filed a Motion for Sanctions against Plaintiffs on November 4, 2005.  Due to the illness of Plaintiffs' counsel, Ms. Alice Coleman, no ruling will be made on this motion and it will be returned to state court for final disposition.

4.  Plaintiff's Unopposed Motion to Transfer X-Rays is hereby GRANTED.  Watts Law Firm shall transfer the X-Rays and other documents in the depository from the Watts Law Firm warehouse to the Omni Litigation Support Services warehouse by Monday, November 28, 2005.  Following the transfer of the documents to the Omni Litigation warehouse, this Court will entertain an

agreed motion to relocate the entire depository to a more central location in Mississippi.

This Court will, however, retain jurisdiction over the document depository.  Although this Order disposes of all cases currently pending before the Court, there still exits a Multidistrict Litigation ("MDL") for the purposes of the transfer of future cases by the Judicial Panel on Multidistrict Litigation.  All attorneys and parties previously allowed access to the document depository will retain such access.  Any parties or attorneys not previously authorized to access the depository must file a motion with this Court requesting access.

5. Plaintiffs and Defendants are each to bear one-half of the cost of reimbursing the Watts Law Firm for its expenses in maintaining and transferring the documents in the depository.  As agreed at the Status Conference, the reimbursable amount is $24,000.  Plaintiffs and Defendants are ordered to each pay $12,000 to the Watts Law Firm on or before November 28, 2005.

6. Plaintiffs' Unopposed Motion for Entry of Order in _Alexander v. Air Liquide America Corp._, 2:03-cv-533, filed on October 26, 2005 is DENIED.  The Plaintiffs' blanket request that "_all individuals and/or entities_ having possession of any of Plaintiffs' prior asbestosis-related x-rays or medical records [are] to produce them to the [plaintiffs'] counsel

-6-

immediately" lacks the required specificity and fails to give proper notice to the persons–parties and non-parties to the action, to whom the request is made. See Fed. R. Civ. P. 34; Fed. R. Civ. P. 45(a)(1).

7.   Dr. Ray Harron shall produce to the document depository by Monday, November 21, 2005, all newly-discovered documents and records referenced in Mr. Ron Barroso's letter of October 18, 2005.[1]  The Court hereby orders said letter unsealed.

8.   **Remand as to Remaining State Cases.**  As noted in Order No. 29, a federal court's "first inquiry" must be whether it has

---

[1]   Dr. Harron, through his attorney Mr. Barroso, filed a letter under seal with the Court, wherein Dr. Harron asserts that he has recently became aware of patients' documents relevant to this case that he has heretofore denied existing.  He further purports to claim the Fifth Amendment regarding production of the same.  Dr. Harron, however, has not personally appeared before this Court to assert the privilege.  Even had Dr. Harron personally asserted the privilege, however, this Court finds that the documents would not be protected.  The Fifth Amendment privilege protects individuals only from *compelled* self-incrimination. Fisher v. United States, 425 U.S. 391, 396 (1976).  The Supreme Court has held, however, that:

> Where the preparation of business records is voluntary, no compulsion is present.  A subpoena that demands production of documents does not compel oral testimony; nor would it ordinarily compel the [person producing the documents] to restate, repeat, or affirm the truth of the contents of the documents sought.

United States v. Doe, 465 U.S. 605, 610-11 (1984).  The Fifth Amendment is not violated merely by the fact that the papers on their face might incriminate the person producing them.  Fisher, 425 U.S. at 409.  Nor can a person avoid production of documents "merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else."  Id. at 410.

subject-matter jurisdiction. <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 576 (5th Cir. 2004) (en banc); <u>see also Union Planters Bank Nat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*"). This is because "[f]ederal courts are courts of limited jurisdiction." <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." <u>Howery</u>, 243 F.3d at 916 (citations omitted).

Of the seventeen (17) cases remaining in the MDL as of November 14, 2005, fifteen (15) were removed by Defendants from state court to federal court, claiming diversity subject-matter jurisdiction under 28 U.S.C. § 1332. Therefore, whether this Court has subject-matter jurisdiction depends upon whether the Defendants can show *complete* diversity of citizenship in each of the cases: that no Plaintiff shares the same state citizenship with any Defendant. <u>See</u> 28 U.S.C. § 1332(a); <u>Corfield v. Dallas Glen Hills LP</u>, 355 F.3d 853, 857 (5th Cir. 2003) (stating that "a district court cannot exercise diversity jurisdiction if one of the plaintiffs

-8-

shares the same state citizenship as any one of the defendants"). Subject-matter jurisdiction is clear in one of the removed cases: <u>Covey v. Union Pacific R.R. Co.</u>, S.D. Tex. Cause No. 05-93.[2] In all the other cases removed from state court, however, jurisdiction is unclear.

A.   <u>Unopposed Remands</u>

With respect to five (5) of the removed cases, <u>Thirsty v. 3M Co.</u>, S.D. Tex. Cause No. 04-688; <u>Greer v. Clark Sand Co.</u>, S.D. Cause No. 05-16; <u>Large v. 3M Co.</u>, S.D. Tex. Cause No. 05-18; <u>Crowe v. Clark Sand Co.</u>, S.D. Tex. Cause No. 05-215; and <u>Adams v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. Cause No. 05-183, Defendants indicated at the Status Conference that they do not oppose Remand. Defendants did not file briefs in these cases or otherwise provide the Court with any evidence to meet their burden of proving complete diversity. Nor do the Complaints and other filings in these cases provide any basis for the Court to find that it has jurisdiction. With respect to these cases, the Court makes the following findings and orders:

a.   In <u>Thirsty</u>, even after Plaintiffs narrowed their claims by submitting fact sheets, at least one

---

[2] <u>Covey</u> involves several Plaintiffs who are citizens of Missouri. (Not. of Rem. at ¶ 1.) None of the Defendants remaining in the case are citizens of Missouri. (See Not. of Rem. at ¶¶ 3-11; Joint Scheduling Plan at 1.) At the August 22, 2005, Status Conference, the parties agreed that jurisdiction was not in dispute. (Transcript at 10.)

Plaintiff (Curtis Mitchell) still asserts claims against allegedly non-diverse Defendants, including: American Sand & Gravel, Dependable Abrasives, Inc., Lowery Sand & Gravel, Inc., Seabrooke Paint Company, and Bush Construction. (3M's Mot. to Remand, Aff. of J. William Manuel ("AJM"), Ex. B at 17.) <u>Thirsty</u> is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Washington County, Mississippi, where it was originally filed and assigned Cause Number CI 2004-35.

b.   In <u>Greer</u>, even after Plaintiffs narrowed their claims by submitting fact sheets, at least two Plaintiffs (John Bailey and Geneva Piloto) still assert claims against allegedly non-diverse Defendants, including: Blue Ridge Sand & Gravel, Inc., American Sand & Gravel, Blain Sand & Gravel, and Bush Construction Co. Inc.  (AJM Ex. B at 3, 7.)  <u>Greer</u> is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Jones County, Mississippi, where it was originally filed and assigned Cause Number 2004-20-CV2.

c.   In <u>Large</u>, even after Plaintiffs narrowed their claims by submitting fact sheets, at least six Plaintiffs (Herbert Bryant, Wallace Causey, Ricky

-10-

Franks, Theodore London, Ricky Patterson, and John Rowell) still assert claims against allegedly non-diverse Defendants, including: American Sand & Gravel, Kelco Sales Associated, Inc., Technical Sands, Inc., and the Tool Center. (AJM Ex. B at 9-12.) Large is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Washington County, Mississippi, where it was originally filed and assigned Cause Number 2004-49.

d.   In Crowe, even after Plaintiffs narrowed their claims by submitting fact sheets, at least four Plaintiffs (L.C. Jones, Stennis Powell, Lacy Ragland, and James Wallace) still assert claims against allegedly non-diverse Defendants, including: American Sand & Gravel, Jet Sands, Inc., Precision Packaging, Inc., and Gulf Coast Industrial Supply, Inc. (AJM, Ex. B at 2-3.) Crowe is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Jones County, Mississippi, where it was originally filed and assigned Cause Number 2004-19-CV2.

e.   In Adams, the only remaining Plaintiff, Jerry Ivy (a citizen of Kentucky), still appears to assert claims against at least four non-diverse Defendants: Belleview Sand and Gravel, Inc., Henry

-11-

A. Petter Supply Co., Mid-South Construction Co., and Welch Sand and Gravel Co. (Pl.'s Compl. at 7, 11, 13, 19.) <u>Adams</u> is therefore REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Graves County, Kentucky, where it was originally filed and assigned Cause Number 04-CI-219.

B.  <u>Opposed Remands</u>

Certain Defendants, however, do oppose Remand in the remaining nine (9) cases: <u>McManus v. Dependable Abrasives</u>, S.D. Tex. Cause No. 05-121; <u>Hill v. Southern Silica of Louisiana</u>, S.D. Tex. Cause No. 05-178; <u>Clay v. Pulmosan Safety Equip.</u>, S.D. Tex. Cause No. 05-343; <u>Douglas v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. Cause No. 05-371; <u>Jackson v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. Cause No. 05-389; <u>Nix v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. Cause No. 05-337; <u>Knight v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. Cause No. 05-348; <u>Green v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. Cause No. 05-388; and <u>Blevins v. Pulmosan Safety Equip. Co.</u>, S.D. Tex. 05-549.[3] Despite being given a significant time in which to meet their burden of proving jurisdiction, Defendants did not file briefs in these cases or otherwise provide the Court

_____

[3] <u>Blevins</u> had been received by the Clerk of Court prior to the November 14, 2005, Status Conference, but was not assigned a Cause Number until after the Conference.

with any evidence to meet their burden of proving complete diversity.[4]   Nor do the Complaints and other filings in these cases provide any basis for the Court to find that it has subject-matter jurisdiction.   With respect to these cases, the Court makes the following findings and orders:

a.    McManus is an action that involves numerous Plaintiffs who are citizens of Mississippi. (Pl.'s Sec. Am. Compl. at ¶ 5.)   The action is brought against over a hundred corporate Defendants, at least four of which are also alleged to be Mississippi citizens: ABC Rentals, Inc., Sandair, Inc., Tab Industries, and Specialty Sands, Inc. (Pl.'s Sec. Am. Compl. at ¶¶ 7, 54, 56, 64.) Because the filings in the case do not establish complete diversity, McManus is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit

_____

[4] In Order No. 29, this Court announced that its "paramount concern with respect to the [cases remaining in the MDL] will be determining whether federal subject-matter jurisdiction exists." (Order No. 29 at 218.)   As the burden of proving subject-matter jurisdiction is on the Defendants, this Court granted the Defendants time to try to meet their burden.  (Order No. 29 at 217-18.)   At the August 22, 2005 Status Conference, this Court again deferred ruling on the existence of subject-matter jurisdiction and carried forward all pending Motions to Remand, giving Defendants an additional sixty (60) days within which to establish that the Removal of the remaining MDL cases to federal court was proper. (Order No. 31 at ¶ 2.)   At the November 14, 2005, Status Conference, however, the Defendants could not provide this Court with any evidence to meet their burden.

Court of Adams County, Mississippi, where it was originally filed and assigned Cause Number 04-KV-0017-J.

b.  <u>Hill</u> is an action that involves numerous Plaintiffs who are citizens of Mississippi. (<u>See</u> Pl's Compl. ¶ 5.)  The action is brought against over a hundred corporate Defendants, at least twenty of which are also alleged to be Mississippi citizens, including: Dependable Abrasives, Inc., Pearl River Sand & Gravel Co., Inc., Green Brothers Gravel Co., American Sand & Gravel Co., and Bush Construction Co., Inc. (<u>See</u> Pl.'s Compl., Ex. B ¶¶ 4, 20, 22, 27, 92.)

Because the filings in the case do not establish complete diversity, <u>Hill</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Jones County, Mississippi, where it was originally filed and assigned Cause Number 2004-90-CV5.

c.  <u>Clay</u> is an action that involves one Plaintiff who is a citizen of Mississippi. (Pl.'s Compl. ¶ 5.) The action is brought against over twenty corporate Defendants, at least one of which is also alleged to be a citizen of Mississippi: Pearl Sand & Gravel Company, Inc.  (Pl.'s Compl. Ex. A at 2.)

-14-

Plaintiff's fact sheet also purports to assert a claim against another non-diverse Defendant: Dependable Abrasives.  (AJM, Ex. B at 1.)

Because the filings in the case do not establish complete diversity, <u>Clay</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Adams County, Mississippi, where it was originally filed and assigned Cause Number 04-KC-0146-S.

d.   <u>Douglas</u> is an action that involves one Plaintiff who is a citizen of Mississippi. (Pl.'s Compl. at ¶ 5.)   The action is brought against forty corporate Defendants, at least three of which are also alleged to be citizens of Mississippi: Dependable Abrasives, Inc., Technical Sand Co., and Technical Sands, Inc. (Pl.'s Compl. ¶¶ 18, 44-45.)

Because the filings in the case do not establish complete diversity, <u>Douglas</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Jackson County, Mississippi, where it was originally filed and assigned Cause Number 2004-060-SI.

e.   <u>Jackson</u> is an action that involves one Plaintiff who is a citizen of Mississippi. (Pl.'s Compl. at ¶ 5.)   The action is brought against over thirty

-15-

corporate Defendants, at least two of which are also alleged to be citizens of Mississippi: Pearl Sand & Gravel Company, Inc. and Technical Sands, Inc. (Pl.'s Compl. Ex. A at 2-3.)

Because the filings in the case do not establish complete diversity, <u>Jackson</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Jefferson County, Mississippi, where it was originally filed and assigned Cause Number 2004-93.

f.   <u>Nix</u> is an action that involves one Plaintiff who is a citizen of Mississippi. (Pl.'s Compl. at ¶ 5.) The action is brought against thirty-one corporate Defendants, at least two of which are also alleged to be citizens of Mississippi: Dependable Abrasives and Pearl Sand & Gravel Company, Inc. and Technical Sands, Inc. (Pl.'s Compl. Ex. A at 1-2.) Plaintiff's fact sheet also purports to assert a claim against another non-diverse Defendant: Dependable Abrasives. (AJM, EX. B at 13.)

Because the filings in the case do not establish complete diversity, <u>Nix</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of George County, Mississippi, where it was originally filed and assigned Cause Number

-16-

2004-0228.

g.    <u>Knight</u> is an action that involves one Plaintiff who is a citizen of Mississippi.  (Pl.'s Compl. ¶ 5.) The Action is brought against over twenty corporate Defendants, at least one of which is also alleged to be a citizen of Mississippi: Technical Sands, Inc.  (Pl.'s Compl. Ex. A at 1-2.)  Plaintiff's fact sheet also purports to assert a claim against another non-diverse Defendant: Dependable Abrasives.  (AJM, EX. B at 9.)

Because the filings in the case do not establish complete diversity, <u>Knight</u> is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Circuit Court of Jackson County, Mississippi, where it was originally filed and assigned Cause Number CI 2004-011-SI.

h.    <u>Green</u> is an action that involves one Plaintiff who is a citizen of Mississippi.  (Pl.'s Compl. ¶ 5.) The action is brought against over twenty corporate Defendants.  The Complaint, however, does not sufficiently allege each corporate Defendants' place of incorporation and principal place of business.  For example, the Complaint alleges that corporate Defendant Air Liquide America Corporation "is a foreign corporation who has done business in

-17-

the State of Mississippi." (Pl.'s Compl. ¶ 9.)
Similarly, corporate Defendant E.D. Bullard Company
"is a corporation organized and existing under and
by virtue of the laws of the State of California
and doing business in the State of Mississippi."
(Pl.'s Compl. ¶ 16.) Principal places of business
are not alleged for any of the corporate
Defendants.

A corporation is deemed to be a citizen of any
state by which it has been incorporated and of the
state where it has its principal place of business.
28 U.S.C. § 1332(c)(1). The failure of the
Complaint to allege principal places of business of
corporate Defendants means that the Complaint does
not sufficiently allege the citizenship of the
corporate Defendants. Without such information,
the Court cannot find that it has jurisdiction.
Although this Court ordered Plaintiff to file a
clarification of citizenship (see Order No. 31 ¶
4), Plaintiff has failed to do so. Defendants, who
have the burden of proving jurisdiction, have
pointed the Court to no other information
demonstrating the citizenship of each corporate
Defendant.

Because the filings in the case do not

-18-

establish complete diversity, <u>Green</u> is hereby
REMANDED pursuant to 28 U.S.C. § 1447(c) to the
Circuit Court of Claiborne County, Mississippi,
where it was originally filed and assigned Cause
Number 2004-152.

i.   <u>Blevins</u> is an action that involves one Plaintiff
who is a citizen of Mississippi. (Not. of Rem. at
¶ 1.)   Like the above-mentioned cases, the
Complaint in <u>Blevins</u> asserts claims against
Dependable Abrasives, Technical Sands, Inc., and
other Defendants alleged to be Mississippi
citizens. (Not. of Rem. at 1.)

Because the filings in the case do not
establish complete diversity, <u>Blevins</u> is hereby
REMANDED pursuant to 28 U.S.C. § 1447(c) to the
Circuit Court of Hinds County, Mississippi, where
it was originally filed and assigned Cause Number
251-04-923-CIV.

**9.**   Defendants' Motion to Dismiss for Lack of Subject-Matter
Jurisdiction in <u>Alexander v. Air Liquide America Corp.</u>, 2:03-
cv-533, filed on August 9, 2005 is GRANTED. This case is the
one MDL case originally filed in this Court.

A.   <u>Discussion</u>

The federal diversity statute provides that the district

-19-

courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.   28 U.S.C. § 1332(a).   A corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  It is well established that the diversity statute requires "complete diversity" of citizenship, a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.  <u>Corfield v. Dallas Glen Hills LP</u>, 355 F.3d 853, 857 (5th Cir. 2003).

Plaintiffs' Original Complaint in <u>Alexander</u> was filed on December 12, 2003, in this Court.  On May 16, 2005, the Court issued an Order to Amend Plaintiffs' Original Complaint, because the jurisdictional allegations in the Original Complaint were deficient.   Specifically, the Original Complaint did not allege the places of incorporation and/or principal places of business of many of the corporate Defendants.  On May 24, 2005 Plaintiffs filed their First Amended Complaint, which stated that "Plaintiff has been unable to locate [American Optical Corporation's] principal place of business at the time of this filing." (Pls.' First Am. Compl. at 11.)  The Court allowed the Plaintiffs to cure this defect "through discovery or otherwise . . . and again amend the Complaint to adequately allege jurisdiction."

(Order No. 29 at 224.)

On August 1, 2005, Plaintiffs filed their Second Amended Complaint, which states "American Optical Corporation, upon information and belief was purchased by Warner Lambert, who merged with Pfizer, Inc.  Pfizer, Inc. is a Delaware Corporation, with its principal executive offices at 235 East 42nd Street, New York, New York." (Pls.' Sec. Am. Compl. at 7.)  Additionally, the Second Amended Complaint, like the Original Complaint, fails to sufficiently allege places of incorporation and/or principal places of business of many of the corporate Defendants.

During the August 22, 2005 Status Conference, the Court allowed the Plaintiffs, *for the third time*, to amend their Complaint to cure the deficient jurisdictional allegations. The ruling was memorialized in Order No. 31, which provides that "no later than September 6, 2005, the <u>Alexander</u> Plaintiffs shall amend their Complaint in order to make a complete statement of the basis for federal diversity jurisdiction.  Plaintiffs shall specifically allege both the (1) place of incorporation, and (2) the principal place of business, of each corporate Defendant." (Order No. 31 ¶ 5.)

The Plaintiffs' latest complaint is their Third Amended Complaint, filed on September 6, 2005.  Similar to the jurisdictional allegations in all three previously filed

complaints, the jurisdictional allegations in the Third Amended Complaint are defective. First, the Third Amended Complaint provides "American Optical Corporation, upon information and belief was purchased by Warner Lambert, who merged with Pfizer, Inc. Pfizer, Inc. is a Delaware corporation, with its principal executive offices at 235 East 42nd Street, New York, New York." (Pls.' Third Am. Compl. at 8.) The language is the same as the language used in Plaintiffs' Second Amended Complaint, which the Court concluded to be deficient because of insufficient allegation on the principal place of business of Defendant American Optical Corporation.

Additionally, the Third Amended Complaint does not allege complete diversity between Plaintiffs and Defendants. Plaintiff Thomas Payne and Plaintiff James Trahan, Sr. are "adult resident[s] of Louisiana." (Pls.' Third Am. Compl. at 6-7.) Defendant "Southern Silica of Louisiana, Inc., upon information and belief is a Louisiana corporation with its principal place of business in Louisiana." (Pls.' Third Am. Compl. at 12.) Two Plaintiffs and one Defendant are citizens of Louisiana. Therefore, there is no complete diversity between Plaintiffs and Defendants.

B.   Conclusion

The Court has a continuing obligation to examine its jurisdiction. MCG, Inc. v. Great Western Energy Corp., 896

-22-

F.2d 170, 173 (5th Cir. 1990) (stating that federal courts "have a continuing obligation to examine the basis for their jurisdiction.  The issue may be raised by parties, or by the court *sua sponte*, at any time").  The Court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.  Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

Based on the deficient jurisdictional allegations in Plaintiffs' Third Amended Complaint, the Court finds that Plaintiffs have failed to demonstrate complete diversity of citizenship among the parties such that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.  Therefore, the Alexander case is DISMISSED for lack of subject matter jurisdiction.

10.  Covey v. Union Pacific R.R. Co., S.D.  Tex. Cause No. 05-93, is the only remaining case pending in this MDL.  At the Status Conference, counsel for the Plaintiffs in Covey indicated his desire that the case be returned to the federal court from which it was transferred.  No party objected to this request.

The power to remand a case to the transferor court lies solely with the Judicial Panel on Multidistrict Litigation.  See 28 U.S.C. § 1407(a) ("Each action . . . transferred [by the Panel] shall be remanded *by the panel* at or before the conclusion of such pretrial proceedings to the district from

which it was transferred") (emphasis supplied).  This Court
has only the power to recommend such remands.  Whether remand
is appropriate generally turns on "the question of whether the
case will benefit from further coordinated proceedings as part
of the MDL."  See In re Bridgestone/Firestone, Inc., 128 F.
Supp. 2d 1196, 1197 (S.D. Ind. 2001)(citing In re Air Crash
Disaster, 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)).  Remand
is inappropriate, for example, when continued consolidation
will "eliminate duplicative discovery, prevent inconsistent
pretrial rulings, and conserve the resources of the parties,
their counsel and the judiciary."  In re Heritage Bonds
Litig., 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (citing 28
U.S.C. § 1407).  By contrast, remand may be appropriate when
everything that remains to be done is case-specific.  See In
re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000).

Continuing in this Court will no longer benefit the
parties or conserve resources.  In fact, continuing in this
Court is likely to inconvenience the parties, as all
Plaintiffs in Covey are citizens of Missouri.  Therefore,
Covey will be sent to the Judicial Panel on Multidistrict
Litigation with a recommendation that, for the convenience of
the parties and to promote the just and efficient conduct of
the case, Covey be remanded to the United States District
Court for the Eastern District of Missouri, where it was
assigned Cause No. 4:03-cv-1686.

-24-

**Conclusion**

For the reasons discussed above, it is HEREBY ORDERED THAT:
(1) the Motion for Judgment on the Pleadings in <u>Chancellor</u> is
GRANTED; and the <u>Chancellor</u> case is DISMISSED in its entirety for
failure to state a claim against any Defendant upon which relief
can be granted; (2) Defendant Louis M. Gerson Co., Inc.'s Unopposed
Motions to Allow Substitution and Withdrawal of Counsel are
GRANTED; (3) Defendants' Motion for Sanctions against Plaintiffs in
<u>McManus</u> is returned to state court for final disposition; (4)
Plaintiff's Unopposed Motion to Transfer X-Rays is GRANTED and
Watts Law Firm shall transfer the X-Rays and other documents in the
depository to the Omni Litigation Support Services warehouse by
Monday, November 28, 2005; (5) Plaintiffs and Defendants are each
to pay $12,000 to the Watts Law Firm on or before November 28,
2005; (6) Plaintiffs' Unopposed Motion for Entry of Order in
<u>Alexander</u> is DENIED; (7) Dr. Ray Harron shall produce to the
document depository all newly-discovered documents and records
related to this litigation by Monday, November 21, 2005; (8) the
claims of every Plaintiff in <u>Thirsty</u>, <u>Greer</u>, <u>Large</u>, <u>Crowe</u>, <u>Adams</u>,
<u>Hill</u>, <u>McManus</u>, <u>Clay</u>, <u>Green</u>, <u>Knight</u>, <u>Nix</u>, <u>Douglas</u>, <u>Jackson</u>, and
<u>Blevins</u>, are REMANDED pursuant to 28 U.S.C. § 1447(c) for lack of
subject-matter jurisdiction; (9) the <u>Alexander</u> case is DISMISSED
for lack of subject-matter jurisdiction; and (10) the <u>Covey</u> case
will be returned to the Judicial Panel on Multidistrict Litigation

-25-

with a recommendation that the case be remanded to the United States District Court for the Eastern District of Missouri.

SIGNED and ENTERED this 21st day of November, 2005.

_____
Janis Graham Jack
United States District Judge